HARRIS, J.,
concurring and concurring specially:
Appellant does not dispute that had he had exclusive occupancy of the bedroom in which the cocaine was found such exclusive occupancy would be sufficient to infer his constructive possession of the drugs. But appellant suggests that because he and his girlfriend shared exclusive possession of the bedroom it is impossible to determine who, he or his girlfriend, constructively possessed the cocaine. But that impossibility was removed when his girlfriend testified, and the jury believed her, that she knew nothing of the cocaine. In the words of Arthur Conan Doyle,[1] “When you -have eliminated the impossible, whatever remains, however improbable, must be the truth.”
Hence, by the process of elimination, if the law infers that the cocaine belonged to appellant or his roommate who alone had exclusive occupancy of the bedroom, and the jury determined based on sworn testimony that it did not belong to the girlfriend, then — and this does not appear too improbable — the fact that appellant possessed the cocaine must be the truth.

. The Sign of Four [1890].